**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JESSE P. SCHULTZ, III,** *et al.*,  <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | **Civil Action No. 18-120 (ABJ)** |

## JOINT MOTION FOR PRELIMINARY ORDER OF APPROVAL AND SETTLEMENT

Pursuant to Rules 7(b) and 23(e) of the Federal Rules of Civil Procedure, the Parties jointly move for a preliminary order of approval and settlement. As set forth in the accompanying memorandum of points and authorities, which is incorporated here, the Parties have reached a settlement and seek the Court's preliminary approval. The terms of the proposed class settlement are contained in a Settlement Agreement which is attached along with a proposed order for the Court's consideration that includes a request to schedule a fairness hearing. Accordingly, the Parties request that the Court grant this motion for preliminary approval of their Settlement Agreement and enter the Proposed Order accompanying this motion.

Dated:  April 26, 2021.

Respectfully submitted,

*/s/ Jeffrey L. Light*
Jeffrey L. Light (D.C. Bar #485360)
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202) 277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*

KARL A. RACINE
Attorney General for the District of Columbia

FERNANDO AMARILLAS
Acting Deputy Attorney General
Public Interest Division

*/s/ Micah Bluming*
MICAH BLUMING [1618961]

DUANE BLACKMAN[*]
Assistant Attorneys General
Equity Section
400 Sixth Street, N.W., Suite 10100
Washington, D.C. 20001
(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov

*Counsel for Defendants*

---

[*]     Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JESSE P. SCHULTZ, III,** *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 18-120 (ABJ)** |
| **DISTRICT OF COLUMBIA,** *et al.*, | |
| **Defendants.** | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR PRELIMINARY ORDER OF APPROVAL AND SETTLEMENT

### INTRODUCTION

The Parties have reached an agreement to settle this putative class action lawsuit. Upon final approval by the Court, this settlement will conclude over three years of litigation relating to a mass arrest conducted by the District of Columbia Metropolitan Police Department on January 20, 2017, during the inauguration of President Donald Trump.

The proposed settlement, attached here as Attachment 1, resulted from good faith, arm's length negotiations among experienced counsel for the Parties. The settlement represents a fair and reasonable compromise in light of the risks inherent in continued litigation. Class counsel strongly believes that the proposed settlement is fair, reasonable and in the best interests of the class. The settlement is subject to final Court approval after notice to the class and class members' opportunity to object.

Thus, for the reasons discussed below, the Parties request that the Court enter an order:  (i) preliminarily approving the proposed settlement; (ii) approving the proposed form and method of providing notice of the proposed settlement to members of the class; and (iii) scheduling a fairness

hearing at which the Court can consider the request for final approval of the settlement and entry of a proposed order to dismiss the case with prejudice.

## BACKGROUND

The Court is familiar with the background allegations in this case. Therefore, the Parties provide only a brief summary below, with particular emphasis on the allegations most germane to the proposed settlement.

On the morning of January 20, 2017, more than 200 people were detained and arrested by Metropolitan Police Department (MPD) officers at or near a demonstration opposing the inauguration of President Donald Trump. Plaintiffs filed this putative class action on January 19, 2018. [ECF No. 1]. The Complaint alleges a variety of constitutional, common law, and statutory claims against the District of Columbia and 11 MPD officials in their individual capacities (collectively, Defendants).

Defendants moved to dismiss the Complaint, but this Court denied the motion in part and allowed the majority of the claims to proceed. At the Court's recommendation, the Parties proceeded to mediation.

For approximately 13 months, the Parties have been engaged in settlement talks facilitated by two Court-appointed mediators. The mediation process has involved numerous in-person sessions, exchange of information through informal discovery, demand letters and responses, and extensive consultation by the attorneys with their clients. The mediation in this case has occurred concurrently with mediation in *Horse v. District of Columbia*, a non-class action case involving claims arising out of substantially the same events. The same two court-appointed mediators

facilitated mediation in *Horse*. The *Horse* case has now settled, and as a result of the agreement in that case, MPD has undertaken policy reforms.[1]

The proposed Settlement identifies two separate classes. The Conditions of Confinement Class consists of individuals who (i) were arrested at a location on or near 12th and L Street, NW in the District of Columbia on January 20, 2017; (ii) did not arrive at a booking facility less than two hours after the time of arrest; and (iii) are not plaintiffs in *Horse, et al. v. District of Columbia, et al.*, 17-cv-1216 (ABJ). The False Arrest Class consists of individuals who (i) were arrested at a location on or near 12th and L Street, NW in the District of Columbia on January 20, 2017; (ii) were not convicted of committing a crime in connection with that protest; (iii) attest that they were not committing a felony or misdemeanor during that protest; and (iv) are not plaintiffs in *Horse, et al. v. District of Columbia, et al.*, 17-cv-1216 (ABJ).

The settlement amount is $995,000. A total of $800,000 will be allocated for distribution to the False Arrest Class. Each class member who submits an approved claim will receive a *pro rata* share of this amount, subject to a maximum of $5,000. The District of Columbia Office of the Attorney General, as the legal arm of the city government, will not oppose any motion filed by Plaintiffs or the False Arrest Class Members for the entry of a sealed order that all records pertaining to their arrests on January 20, 2017, be sealed and/or expunged. Class counsel agrees to file any motion to seal/expunge within 30 days of the Claims Submission Deadline. A total of $102,900 will be allocated for distribution to the Conditions of Confinement Class, subject to a maximum of $680 per person. Class members will receive different "shares" based on how much

---

[1]     Three individuals have also filed a third lawsuit based on substantially the same events. *See Cantú et al. v. District of Columbia, et al.*, Civil Action No. 20-130 (ABJ).

time elapsed between their arrest and their arrival at a booking facility which provided access to food, water, and restrooms.

The dollar amount of each share will be determined on a *pro rata* basis. Each class member will be issued a check for the portion to which he or she is entitled. Subject to the terms of the Settlement Agreement, any amounts remaining in the Class Settlement Fund 60 days after the Class Administrator has issued all checks to eligible claimants, including funds from any uncashed checks that are no longer negotiable, will revert to the District of Columbia General Fund.

The Parties expect the participation rate to be high because class members will receive money, the claims process will be straightforward, and the identities of the class members are known. The Parties anticipate approximately 200 claimants per class.

Each of the three named class representatives will also receive an incentive award of $2,500. This amount reflects the time and inconvenience occasioned by the named plaintiffs' need to frequently consult with counsel, participate in mediation sessions, and stay informed of developments in the case. The amount of requested attorney fees is $60,000. This modest request is less than the total lodestar amount and also reflects an exercise of billing discretion. A detailed petition for fees will be submitted if the Court grants preliminary approval to the settlement agreement. If the settlement administration costs are less than expected, the surplus will be added to the claimants' fund. However, if more than 40 class members opt out of the settlement, Defendants may terminate the agreement.

Plaintiffs' counsel contacted six claims administration companies based on recommendations from other attorneys. Two of the claims administration companies submitted proposals. Heffler Claims was selected because it provided a realistic estimate of costs, timely

responded to questions from counsel, and offered excellent pre-settlement consulting by an attorney for no additional fee.

A proposed notice to class members is attached. The notice is short, requires no extrinsic documentation from the claimants (aside from the affidavit required for False Arrest Class claimants), and can be securely returned to the claims processing company through a website or postal mail.

LEGAL STANDARD FOR APPROVAL

Rule 23(e)(1) governs the process for preliminary approval of a proposed class settlement and notice to the class. Fed. R. Civ. P. 23(e)(1). Specifically, the rule provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." For the reasons set forth below, the court will likely be able to approve the Settlement Agreement and certify the class for purposes of entering judgment on the Settlement Agreement.

ARGUMENT

**I.      The Court Should Preliminarily Approve the Proposed Settlement Agreement.**

Rule 23(e)(2) directs the Court to determine whether the proposal is "fair, reasonable, and adequate," taking into consideration whether: "(A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate . . . and (D) the proposal treats class members equitably relative to each other." Preliminary approval "lies within the sound discretion of the court." *Richardson v. L'Oreal USA, Inc.*, 951 F. Supp. 2d 104, 106 (D.D.C. 2013) (internal quotation marks omitted).

7

"The exercise of this discretion, however, is constrained by the 'principle of preference' favoring and encouraging settlements in appropriate cases." *In re Vitamins Antitrust Litig.*, 305 F. Supp. 2d 100, 103 (D.D.C. 2004) (quoting *Pigford v. Glickman*, 185 F.R.D. 82, 103 (D.D.C. 1999)).

All four factors under Rule 23(e)(2) weigh in favor of the conclusion that the proposal is fair, reasonable, and adequate. Accordingly, the Court should approve the Settlement Agreement.

### A. The Class Representatives and Class Counsel Have Adequately Represented the Class.

Courts evaluate two criteria to determine whether absent class members have been adequately represented: (1) "the named representative must not have antagonistic or conflicting interests with the unnamed members of the class," and (2) "the representative must appear able to vigorously prosecute the interests of the class through qualified counsel." *Stephens v. Farmers Rest. Grp.*, Civil Action No. 17-1087, 2019 WL 2550674, at \*4 (D.D.C. June 20, 2019) (internal quotation marks omitted) (quoting *Twelve John Does v. District of Columbia*, 117 F.3d 571, 575 (D.C. Cir. 1997)). When a proposed settlement would resolve multiple types of claims, "the reviewing court must look for 'structural assurance[s] of fair and adequate representation for the diverse groups and individuals affected.'" *Id.* (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 627 (1997)).

The class representatives have adequately represented the class because their interests are aligned with those of the class and they have been active and engaged with the proceedings. The class representatives allege that they have suffered the same injuries as other members of the class, namely false arrest and unlawful conditions of confinement, assuring that the interests of all affected individuals are captured in the agreement. *See Stephens*, 2019 WL 255064, at \*4. Further, the class representatives played an active part in the litigation and mediation process. The class representatives were interviewed extensively by undersigned counsel as part of his pre-lawsuit

investigation and communicated with counsel throughout the litigation to receive status updates. During the mediation process, the class representatives spent significant time reviewing proposed settlement terms, discussing the terms with counsel, and asking insightful questions to counsel about how various proposed approaches to settlement would affect the recovery for the class members. The class representatives were also all present via teleconference during the mediation session at which the principle terms of the Settlement Agreement were reached.

Class counsel has adequately represented the class because he is qualified, experienced, and able to conduct the litigation. Class counsel received his J.D. from Georgetown University and has been practicing law since 2004. He has a decade of experience litigating civil rights and First Amendment cases. Class counsel produced clear and thorough briefing in opposition to the defendants' motion to dismiss. Class counsel has provided effective and zealous representation of his clients.

## B. **The Proposal Was Negotiated at Arm's Length.**

The proposed Settlement Agreement here arises out of serious, informed, and non-collusive negotiations facilitated by Court-appointed mediators. A settlement process facilitated by court-appointed mediators weighs heavily in favor of approval. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ("This Court has noted that a court-appointed mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure."). Further, the fact that the defendants are governmental entities and employees contributes to the conclusion that the negotiations were non-collusive. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (listing "presence of a governmental participant" as a factor in considering the fairness of the settlement proposal). The procedurally fair manner in which this Settlement was reached weighs strongly in favor of granting preliminary approval.

C.  <u>**The Proposed Settlement Provides Adequate Relief for the Class.**</u>

In evaluating whether the relief provided for the class is adequate, Rule 23(e)(2)(C) requires consideration of "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." These factors all point towards the conclusion that the relief for the class is adequate.

The proposed Settlement Agreement mitigates the costs, risks, and delay of trial and appeal. This case involves numerous and complex legal issues, such as municipal liability, qualified immunity, and substantive constitutional, statutory, and common-law claims. This case would also likely involve retaining experts, deposing dozens of witnesses, and extensive document production. Fully litigating this case, including resolution of any appeal, would be costly and involve lengthy delays.

Class members eligible for relief will also receive compensation through a straightforward claims process. Each class member will receive a Claim Form that can be submitted by mail or online. The Claim Form, attached as Exhibit A to Attachment 1, is simple, short, and does not require the submission of any extrinsic documents.

Counsel for plaintiffs will be seeking reasonable attorney fees in this case, estimated at $60,000.00. The attorney fees will not reduce the amount of the award to the class members, which is a valuable benefit to the class members. In relation to the overall settlement amount of $995,000, the attorney fees being sought in this case are quite modest, which is a result of the Parties' success in achieving a settlement early in this case.

The proposed settlement fairly allocates benefits among the class members. For the Conditions of Confinement Class, individuals who were detained for lengthier periods will be compensated at higher rates to account for the increased discomfort they experienced from being without access to food, water, and bathroom facilities for a longer time. For the False Arrest Class, individuals will all receive the same compensation. The Complaint alleges that these class members all suffered the same injury, which is being deprived of their liberty interests to be free from arrest without probable cause. While defending the ensuing criminal cases may have resulted in differing degrees of hardship and cost to the False Arrest Class members (*e.g.*, lost income from court appearances, travel expenses, fees for defense counsel), these types of harms would not be compensable at trial and therefore are not factored into the distribution of funds. The bulk of these costs would have arisen after the class members were indicted by a grand jury, thereby breaking the chain of causation for damages from the false arrest. *Jones v. Cannon*, 174 F.3d 1271, 1287 (11th Cir. 1999). Further, this case does not involve any claims of excessive force and therefore no distinctions need to be made to account for varying degrees of personal injuries. The False Arrest Class members will also be asking for equitable relief in the form of having their arrest record expunged. As noted above, the Office of the Attorney General will not oppose any motion filed by the False Arrest Class Members for the entry of a sealed order that all records pertaining to their arrests on January 20, 2017, be sealed and/or expunged.

II.     **The Court Should Approve the Proposed Form and Manner of Notice to the Class.**

"The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Under that rule and the mandates of due process, notice "must be reasonably calculated ... to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Stephens v. Farmers Restaurant*

*Group*, 329 F.R.D. 476, 490 (D.D.C. 2019) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[N]otice of a proposed settlement is adequate and satisfies Rule 23 and due process if it 'fairly apprise[s] the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *In re Domestic Airline Travel Antitrust Litigation*, 322 F. Supp. 3d 64, 68 (D.D.C. 2018) (citations omitted).

The universe of class members here is known and finite. The terms of the proposed Settlement Agreement offer several ways class members can learn about the settlement:  receiving the proposed notice by mail, being contacted via email or by phone, or visiting the dedicated website the claims administrator will set up. Mailing notice to class members should be a reliable method of notice because the identities and last known addresses of all potential class members are contained in arrest records. If class members cannot be reached through postal mail, it is likely that they will be able to be contacted electronically. Many of the class members know each other and are likely to learn about the settlement process through word of mouth or social media. Further, the vast majority of class members were represented by counsel in their criminal cases, and those attorneys may be able to assist in contacting their former clients.

Class Counsel have carefully considered various options for providing reasonable notice of the proposed settlement to class members. Counsel for the class believe that the proposed notice clearly and concisely informs potential class members of the nature and scope of the Agreement and of their rights to object and be heard. The proposed notice provides a clear explanation of:  (i) the lawsuit, its history, and current procedural posture; (ii) how to determine if one is a member of the class; (iii) the reasons for settlement; (iv) the key provisions of the Settlement Agreement; and (v) the procedure for making objections and being heard at a final fairness hearing.

In formulating this notice plan, the Parties have given considerable thought to any difficulties in reaching class members, and have developed a comprehensive plan to reach as many class members as possible. In addition to providing individual notice to class members (and/or their legal representatives) where practicable, the notice plan calls for publication and posting of the notice settlement information on the websites of MPD and/or the Office of the Attorney General for the District of Columbia.

Accordingly, the Court should approve the form of notice attached as Exhibit B to Attachment 1, and the Parties' notice plan as described.

**CONCLUSION**

For the foregoing reasons, the Parties jointly request that this Court grant the Parties' Joint Motion for Preliminary Order of Approval and Settlement, approve the manner and form of notice to be furnished to the class, and schedule a fairness hearing under Fed. R. Civ. P. 23(e)(1)(C) to determine whether the settlement is fair, reasonable, and adequate.

Dated: April 26, 2021.                    Respectfully submitted,

*/s/ Jeffrey L. Light*                     KARL A. RACINE
Jeffrey L. Light (D.C. Bar #485360)        Attorney General for the District of Columbia
1712 Eye St., NW
Suite 915                                  FERNANDO AMARILLAS
Washington, D.C. 20006                     Acting Deputy Attorney General
(202) 277-6213                             Public Interest Division
Jeffrey@LawOfficeOfJeffreyLight.com

                                           */s/ Micah Bluming*
*Counsel for Plaintiffs*                   MICAH BLUMING [1618961]
                                           DUANE BLACKMAN*
                                           Assistant Attorneys General
                                           Equity Section
                                           400 Sixth Street, N.W., Suite 10100
                                           Washington, D.C. 20001

---

* Admitted to practice only in the State of New York. Practicing in the District of Columbia under the direct supervision of Fernando Amarillas, a member of the D.C. Bar, pursuant to LCvR 83.2(f).

13

(202) 724-7272
(202) 730-1833 (fax)
micah.bluming@dc.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JESSE P. SCHULTZ, III,** *et al.***,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 18-120 (ABJ)** |
| **DISTRICT OF COLUMBIA,** *et al.***,** | |
| **Defendants.** | |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, APPROVING NOTICE PLAN, AND SCHEDULING FAIRNESS HEARING

Upon consideration of the Parties' Joint Motion for Preliminary Order of Approval and Settlement, the entire record, and it appearing that the relief should be granted, it is ORDERED that:

WHEREAS, the Parties have applied to the Court for an order preliminarily approving the settlement of this action in accordance with the terms and provisions of the Settlement Agreement dated April 23, 2021 (Settlement Agreement) which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the lawsuit; and

WHEREAS, the Court has reviewed and considered that Settlement Agreement and the exhibits thereto and has reviewed and considered the Parties' submissions, and is otherwise fully informed regarding these proceedings, and with good cause shown;

NOW, THEREFORE, IT IS ORDERED:

This Order (the Preliminary Approval Order) incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

15

The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement.

Having reviewed the Settlement Agreement (with its attachments and exhibits), the Court preliminarily approves the Settlement Agreement and the settlement contemplated by the Parties, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length, negotiation by counsel. The Settlement Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether finally to approve the Settlement.

The Court finds that the proposed notice plan set forth in _____ and the form of Class Notice attached as Exhibit B to Attachment 1, fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide adequate notice to members of the Class. The Court directs that the Class Notice be provided to the members of the Class substantially in the manner specified by _____ and substantially in the form as attached as Exhibit B to Attachment 1, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Class Notice for clarity and efficient mailing.

All Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated thereby.

16

The Court's preliminary approval of the Settlement Agreement shall be subject to further consideration at a Fairness Hearing to be held before this Court on **[or before _____, at _____] in Courtroom ____** (the Fairness Hearing). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. At or following the Fairness Hearing, the Court will also consider the entry of an appropriate order to dismiss the case with prejudice. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

By no later than _____, Class Counsel and counsel for Defendants shall file with the Court any papers in support of final approval of the settlement.

Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the settlement (as described in paragraph ___ below).

Any Class Member may appear at the Fairness Hearing in person, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the settlement. Unless such requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before _____, such person has:  (i) filed with the Court a letter including the Class Members' name and address, a notice of intention to appear, a statement indicating the basis for the Class Members' opposition to the terms of the settlement and demonstrating that the objector is a Class Member, the signature of the Class Member, attorney, guardian or representative (as the case may be), and, in the case of a guardian or representative, proof of the person's status as such; and (ii) has served copies of the foregoing upon the following counsel:

**To Class Counsel:**                     **To Counsel for Defendants:**

Jeffrey L. Light                          Office of the Attorney General
Law Office of Jeffrey L. Light              for the District of Columbia
Re: *Schultz* Class Action               Re: *Schultz* Class Action
1712 Eye St., NW                          Micah Bluming
Suite 915                                 Duane Blackman
Washington, DC 20006                      Assistant Attorneys General
                                          Equity Section
                                          400 Sixth Street, N.W., Ste. 10100
                                          Washington, D.C. 20001

The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.

If for any reason the Settlement Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with the settlement shall be without prejudice to the *status quo ante* rights of the Parties to the Lawsuit. In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

**SO ORDERED.**

_____, 2021          _____
                                          THE HONORABLE AMY BERMAN JACKSON
                                          Judge, United States District Court
                                              for the District of Columbia