UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE P. SCHULTZ, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 18-0120 (ABJ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| Defendants. | ) |

**PRELIMINARY ORDER OF APPROVAL**

Now pending before the Court is the Parties' Joint Motion for Preliminary Order of Approval and Settlement. [Dkt. # 46]. The Parties have applied to the Court for an order preliminarily approving the settlement of this action in accordance with the terms and provisions of the Settlement Agreement dated April 23, 2021, (Settlement Agreement) [Dkt. # 46-1], which, together with the exhibits thereto, sets forth the terms and conditions for a proposed settlement of the lawsuit.

The Court has reviewed and considered the Settlement Agreement and the exhibits, and it has reviewed and considered the parties' submissions and the record as a whole, and it concludes that there is good cause to enter the order requested by the Parties.

**NOW, THEREFORE, IT IS ORDERED:**

This Order (the Preliminary Approval Order) incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms shall have the same meanings set forth in the Settlement Agreement.

The Court has jurisdiction over the subject matter of the Lawsuit, the Parties, and all members of the Class.

Class Counsel adequately represented the Class for the purpose of entering into and implementing the Settlement Agreement.

Having reviewed the Settlement Agreement (with its attachments and exhibits), the Court preliminarily approves the Settlement Agreement and the settlement contemplated by the Parties, as being fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and as being the product of informed, arm's length negotiation by counsel. The Settlement Agreement contains no deficiencies that would prevent preliminary approval. The Court directs the Parties to proceed with the settlement pursuant to the terms and conditions of the Settlement Agreement and exhibits thereto, subject to this Court's authority to determine whether to order final Approval of the Settlement.

The Court finds that the proposed notice plan set forth in Attachment 1, [Dkt. # 46-1], and the form of Class Notice attached as Exhibit B to Attachment 1, [Dkt # 46-1] at 19–26, fully satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, and provide adequate notice to members of the Class.  The Court directs that the Class Notice be provided to the members of the Class substantially in the manner specified by the Parties and substantially in the form as attached as Exhibit B to Attachment 1, provided that the Parties, by agreement, may revise the Class Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy, and may adjust the layout of the Class Notice for clarity and efficient mailing.

The Class Notice will be disseminated beginning June 7, 2021, and the potential class members' responses will be due by August 6, 2021.  *See* Joint Suppl. to Mot. [Dkt. # 47] at 1.

The Court's preliminary approval of the Settlement Agreement shall be subject to further consideration at a Fairness Hearing to be held before this Court on September 15, 2021, at 10:00 AM in Courtroom 3 (the Fairness Hearing). The Court will determine at or following the Fairness Hearing whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court. At or following the Fairness Hearing, the Court will also consider the entry of an appropriate order to dismiss the case with prejudice. The date and time of the Fairness Hearing shall be set forth in the Class Notice.

All Class Members shall be bound by all determinations and judgments concerning the Settlement Agreement and the settlement contemplated thereby.

By no later than August 25, 2021, Class Counsel and counsel for Defendants shall file with the Court any papers in support of final approval of the settlement.

Copies of all papers shall be served upon all persons or their counsel who file a valid and timely objection to the settlement (as described in the paragraph below).

Any Class Member may appear at the Fairness Hearing in person, through counsel (if a notice of appearance is filed and served), or through a duly authorized guardian or representative, and may be heard, to the extent allowed by the Court, in support of, or in opposition to, the fairness, reasonableness, and adequacy of the settlement. Unless this requirement is excused by the Court, no person shall be heard in opposition to the settlement unless, on or before September 3, 2021, unless that person has: (i) filed with the Court a letter including the Class Members' name and address, a notice of intention to appear, a statement indicating the basis for the Class Members' opposition to the terms of the settlement and demonstrating that the objector is a Class Member, the signature of the Class Member, attorney, guardian or representative (as the case may be), and,

in the case of a guardian or representative, proof of the person's status as such; and (ii) has served copies of the foregoing upon the following counsel:

| To Class Counsel: | To Counsel for Defendants: |
|---|---|
| Jeffrey L. Light | Office of the Attorney General for the District of Columbia |
| Law Office of Jeffrey L. Light | Re: *Schultz* Class Action |
| Re: *Schultz* Class Action | Micah Bluming & Duane Blackman |
| 1712 Eye St., NW | Assistant Attorneys General |
| Suite 915 | Equity Section |
| Washington, DC 20006 | 400 Sixth Street, N.W., Ste. 10100 |
| | Washington, D.C. 20001 |

The Court reserves the right to adjourn the Fairness Hearing from time to time without further notice by adjournment announced in open court and to rule upon the settlement at any time after the Fairness Hearing.

The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, without further notice to Class Members.  If for any reason the Settlement Agreement is not finally approved by the Court or otherwise does not become effective, this Preliminary Approval Order shall be rendered null and void and shall be vacated *nunc pro tunc*, the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement, and all proceedings in connection with the settlement shall be without prejudice to the *status quo ante* rights of the Parties to the Lawsuit.  In this event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

_____
AMY BERMAN JACKSON
United States District Judge

DATE: May 11, 2021