UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE P. SCHULTZ, III, et al., | ) |
| PLAINTIFFS | ) |
| vs. | ) Case No. 1:18-cv-120 (ABJ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| DEFENDANTS | ) |

## PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, "The claims . . . of a . . . class proposed to be certified for purposes of settlement . . . may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. Pro. Rule 23(e). On May 11, 2021, the Court preliminarily approved the settlement and ordered Class Counsel and counsel for Defendant to submit any paper in support of final approval by the settlement by August 25, 2021. On August 26, 2021, the Court extended the time within which the parties may file these papers until August 30, 2021. Accordingly, Plaintiffs submit this request final approval by the Court of the Settlement Agreement. A Memorandum of Points and Authorities and a Proposed Order accompany this motion.

Defendants consent to the relief sought herein.

1

Respectfully Submitted,

_/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JESSE P. SCHULTZ, III, et al.,<br><br>            PLAINTIFFS<br>vs.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>            DEFENDANTS | Case No. 1:18-cv-120 (ABJ) |

## **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' CONSENT MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT**

### I.  Background

On May 11, 2021, the Court preliminarily approved the settlement. Two classes were preliminarily certified— the Conditions of Confinement Class which consists of individuals who (i) were arrested at a location on or near 12th and L Street, NW in the District of Columbia on January 20, 2017; (ii) did not arrive at a booking facility less than two hours after the time of arrest; and (iii) are not plaintiffs in *Horse, et al. v. District of Columbia, et al.*, 17-cv-1216 (ABJ); and a False Arrest Class consists of individuals who (i) were arrested at a location on or near 12th and L Street, NW in the District of Columbia on January 20, 2017; (ii) were not convicted of committing a crime in connection with that protest; (iii) attest that they were not committing a felony or misdemeanor during that protest; and (iv) are not plaintiffs in *Horse, et al. v. District of Columbia, et al.*, 17-cv-1216 (ABJ). The settlement agreement provides that a total of $800,000 will be allocated for distribution to the False Arrest Class, with each eligible class member who submits an approved claim to receive a pro rata share of this amount, subject to a maximum of $5,000. The settlement agreement provides that a total of $102,900 will be

allocated for distribution to the Conditions of Confinement Class, with each eligible class member to receive "shares" based on how much time elapsed between their arrest and their arrival at a booking facility which provided access to food, water, and restrooms, with the dollar amount to be determined on a pro rata basis subject to a maximum of $680 per person. The settlement agreement will dismiss all claims against the defendants.

## II.     Argument

While courts enjoy discretion in determining whether to grant final approval to a proposed class action settlement, but a "principle of preference" favors and encourages settlements in appropriate cases. *Livengood Feeds, Inc. v. Merck KGaA (In re Vitamins Antitrust Litig.)*, 305 F. Supp. 2d 100, 103 (D.D.C. 2004). Courts in this jurisdiction have generally examined the following factors in determining whether to grant final approval: "(a) whether the settlement is the result of arm's length negotiations; (b) the terms of the settlement in relation to the strength of plaintiffs' case; (c) the status of the litigation at the time of settlement; (d) the reaction of the class; and (e) the opinion of experienced counsel." *Id.* at 104. As set forth below, each of these factors favor approval of the settlement agreement.

### A.  The settlement was the result of arm's length negotiations.

The proposed Settlement Agreement here arises out of serious, informed, and non-collusive negotiations facilitated by Court-appointed mediators. A settlement process facilitated by court-appointed mediators weighs heavily in favor of approval. *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ("This Court has noted that a court-appointed mediator's involvement in pre-certification settlement negotiations helps to ensure that the proceedings were free of collusion and undue pressure."). Further, the fact that the defendants are governmental entities and employees contributes to the conclusion that the negotiations were non-collusive. Hanlon v.

Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998) (listing "presence of a governmental participant" as a factor in considering the fairness of the settlement proposal). The procedurally fair manner in which this Settlement was reached weighs strongly in favor of granting preliminary approval.

### B. The terms of the settlement are favorable in relation to the strength of plaintiffs' case.

This case involves numerous and complex legal issues, such as municipal liability, qualified immunity, and substantive constitutional, statutory, and common-law claims. It is far from certain that plaintiffs would prevail at trial. Further, due to the unquantifiable nature of the plaintiffs' injuries, there is significant uncertainty as to the amount of any damages. There is also uncertainty as to whether the plaintiffs would be granted injunctive relief in the form since equitable remedies are always subject to the discretion of the court. Any relief at trial would also involve significant delay in payment to class members.

The terms of the settlement are favorable to the plaintiffs in relation to the strength of their case. Under the settlement, the class members will receive a total of nearly one million dollars in compensation and Class Counsel's attorney fees and Class Administrator costs are being paid for by the defendants. The False Arrest Class will also receive the valuable benefit of the defendants not opposing their motion to have their arrest record sealed and for the arrests to be declared null and void.

### C. The status of the litigation at the time of settlement

At the time of this settlement, the case is in its early stages. Defendants' motion to dismiss was denied in part and discovery has not yet taken place. The settlement has not come too early to be suspicious— it has only been reached after the plaintiffs prevailed in large part against the defendants' motion to dismiss and after the time for defendants to file an interlocutory appeal has

run. The settlement also does not come too late to be a waste of resources since there has been no expenditure of resources on discovery or trial preparation in this case and neither party has yet moved for summary judgment.

### D. The reaction of the class

Over 230 notices were sent out and the reaction of the class was overwhelmingly favorable. So far, no potential class member has objected to the settlement. There have been two class members exclude themselves from the class, but those two class members were already plaintiffs in a related lawsuit which predated a settlement being reached in this case. Therefore, there is no substantive opposition to the Settlement.

### E. The opinion of experienced counsel

Class Counsel has over a decade of experience in litigating complex federal civil rights cases, including many cases involving alleged violations of the rights of protesters. In the opinion of Class Counsel, the Settlement Agreement reflects an outstanding result for the class members. Specifically, the amount that each class member will receive compares favorably with other class action settlements involving similar injuries. Further, securing the non-opposition of the defendants to an order from the court sealing arrest records and declaring an arrest to be null and void is an extremely valuable benefit because the class members would otherwise have to file individual claims of actual innocence in the Superior Court. It is the opinion of Class Counsel that this settlement is fair, adequate, and reasonable.

Respectfully Submitted,

_/s/ Jeffrey Light_____
Jeffrey L. Light
D.C. Bar #485360
1629 K St., NW
Suite 300
Washington, DC 20006
(202)277-6213
Jeffrey@LawOfficeOfJeffreyLight.com

*Counsel for Plaintiffs*